UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:                                                        Case No. 6:20-bk-07071-LVV
                                                           Chapter 11

EVERGREEN MORTGAGE
NOTES, LLC

      Debtor.

_____

EVERGREEN MORTGAGE
NOTES, LLC, a Florida Limited Liability
Company,

      Plaintiff,

v.                                                           Adversary No. 6:21-ap-00167-LVV

MAX THRUSH, 2nd CHANCES,
LLC and WILDCAT LENDING,
FUND ONE, LP

**WILDCAT LENDING FUND ONE, LP'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND SUPPORTING MEMORANDUM OF LAW**

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files a response within fourteen (14) days from the date set forth on the proof of service attached to this paper plus an additional three days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at 400 W. Washington Street, Suite 5100; Orlando FL 32801 and serve a copy on the movant's attorney, Ryan Fowler, Potts Law Firm, 3737 Buffalo Speedway, Suite 1900; Houston, TX 77098, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Defendant Wildcat Lending Fund One, LP (herein "Wildcat") pursuant to Fed. R. Bankr. P. 7012(b) and Fed. R. Civ. Proc. 12(b)(6), hereby submits this Motion to Dismiss for Failure to State a Claim and Supporting Memorandum of Law as to the civil conspiracy claim against it in this adversary proceeding.[1]

## I.
## STATEMENT OF RELIEF SOUGHT

Plaintiff has alleged one cause of action against Wildcat: civil conspiracy. The Court should dismiss that cause of action because (1) it fails to meet the pleading requirements outlined in *Twombly*; and (2) it is barred by the economic loss rule.

## II.
## PLEADING STANDARDS

In order to survive dismissal in the face of a Rule 12(b)(6) Motion, a pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A Rule 12(b)(6) motion to dismiss should be granted if the complaint fails to proffer enough facts to state a claim for relief that is "plausible" on its face. *Id*. at 556-61. Although Rule 12(b)(6) requires the Court to accept factual allegations as true for purposes of a motion to dismiss, the Court need not accept conclusory allegations, unwarranted deductions, or mere legal conclusions. *See Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1288-94 (11th Cir. 2010). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Likewise, if a complaint "pleads facts that are merely consistent with a defendant's liability, it

---

[1] Wildcat denies that this is a core matter. Wildcat does not consent to entry of final order or judgment by the Bankruptcy Court. Fed. R. Bankr. P. 7012-1.

stops short of the line between possibility and plausibility of entitlement to relief." *Id*. at 678. The facts pled must also "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### III.
### CHOICE OF LAW

Wildcat contends that the applicable law regarding the elements that of the civil conspiracy claim is Texas law. Both Florida and Texas use the "most significant relationship" test to determine the choice of law. *See Bishop v. Florida Specialty Paint Co*., 389 So.2d 999. 1001 (Fla. 1980); *Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414, 421 (Tex. 1984).

To determine which state has the most significant relationship to a tort claim, a court must consider a number of factors, including: (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the place of incorporation and place of business of the parties; and (d) the place where the relationship between the parties is centered. *Bishop*, 389 So.2d at 1001. "The state where the injury occurs will, "under most circumstances, be the decisive consideration in determining the applicable choice of law." *Id.*

Wildcat is a Texas partnership. (Doc. #1, ¶ 8). Plaintiff's lawsuit deals with 9 properties, four of which are located in Texas. (Doc. #1, ¶ 21). However, the damages claimed against Wildcat only relate to the "Texas Properties." (Doc. # 1, ¶ 64). The relationship among the relevant parties is centered in Texas and the injury at issue occurred in Texas. Therefore, under the "most significant relationship" test, Texas law applies.[2]

---

[2] As set forth below, under both Texas and Florida law, the case against Wildcat should be dismissed.

# III.
# ARGUMENT

A. **The Complaint fails to Meet the *Twombly* Standard for Pleading**

    1. A claim under Texas law for Civil Conspiracy is not adequately pled

The Court should dismiss the civil conspiracy claim against Wildcat because the Complaint fails to meet the pleading requirements set forth by the Supreme Court in *Twombly*. Under Texas law, the elements of a civil conspiracy claim are: (1) a combination of two or more persons; (2) an object to be accomplished (an unlawful purpose or a lawful purpose by unlawful means); (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *See Finserv Cas. Corp. v. Settlement Funding, LLC*, 724 F.Supp.2d 662, 674-76 (S.D. Tex. 2010)(citing *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 675 (Tex. 1998). The Complaint fails to adequately plead elements two, three, four or five.

On element two, the Complaint does not state what unlawful purpose or lawful purpose by unlawful means was done by Wildcat. A defendant's liability for conspiracy depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable. *Walsh v. Am's Tele-Network Corp.*, 195 F.Supp.2d 840, 850-51 (E.D. Tex. 2002). No underlying tort has been explained in the Complaint and no underlying wrong exists.

The allegation is that there was an agreement Wildcat "would provide its inspection reports only to Thrush and 2nd Chances thereby excluding [Plaintiff]." (Doc. # 1, ¶ 62). However, there is no explanation or argument as to why Wildcat alleging only providing inspection reports to the other defendants in this case was unlawful or done for an unlawful purpose. The Complaint does not identify any tort for which Wildcat or any other party could be liable.

The Complaint essentially argues a conspiracy to breach a contract. However, Texas law does not recognize a claim for conspiracy to breach a contract. *Exxon Mobil Corp. v. Starr*

*Indemnity & Liability Ins. Co.*, 181 F.Supp.3d 347, 363 (S.D. Tex. 2015)(citing *Grizzle v. Texas Commerce Bank*, N.A., 38 S.W.3d 265, 285 (Tex. App.—Dallas 2001, pet. granted)( rev'd in part on other grounds by *Texas Commerce Bank, N.A. v. Grizzle*, 96 S.W.3d 240 (Tex. 2002)).

On element three, nothing in the pleadings shows any meeting of the minds by Wildcat and any other defendant to act in a way to harm Plaintiff. To have a "meeting of the minds," the conspirators must have knowledge of the purpose of the conspiracy. *Schlumberger Well Serv. Corp. v. Nortex Oil & Gas Corp.*, 425 S.W.2d 854, 857 (Tex. 1968). "Meeting of the minds" means an agreement or understanding to inflict wrong on another party. *See San Antonio Credit Union v. O'Connor*, 115 S.W.3d 82, 91 (Tex. App.—San Antonio 2003, pet. denied). Nothing in the Complaint states any facts that would demonstrate Wildcat had any knowledge of a plan to hide documents from Plaintiff or cause it damages.

On element four, similar to element two, there is no allegation of any unlawful action by Wildcat. The Complaint only makes conclusory allegations regarding some agreement to withhold documents, but no explanation of why that was not lawful.

Finally, on element five, there is nothing in the Complaint that sets forth how Wildcat allegedly only giving other defendants an inspection report proximately caused lost profits and ultimately foreclosure on the properties. Proximate cause in a conspiracy claim requires damages from the underlying tort as conspiracy itself does not warrant damages. *See Lesikar v. Rappeport*, 33 S.W.3d 282, 301-302 (Tex. App.—Texarkana 2000, pet. denied); *Belz v. Belz*, 667 S.W.2d 240, 243 (Tex. App.—Dallas 1984, writ ref'd n.r.e). Because there is no tort at issue here, there can be no resulting damages.

Because the Complaint does not adequately set forth these elements, it does not meet the requirements of *Twombly* and should be dismissed.

    2.    <u>Alternatively, under Florida law, the Complaint does not satisfy *Twombly*</u>

If the Court determines Florida law applies, the claim should still be dismissed against Wildcat. Under Florida law, the elements of a civil conspiracy cause of action are: (1) a conspiracy between two or more parties, (2) to do an unlawful act or to do a lawful act by unlawful means, (3) the doing of some overt act in pursuance of the conspiracy, and (4) damage to plaintiff as a result of the acts done under the conspiracy. *See Florida Fern Growers Ass'n v. Concerned Citizens of Putnam County*, 616 So.2d 562, 565 (Fla. 5th D.C.A. 1993). The Complaint fails to adequately state elements two and four.

On element two, the Complaint does not state what unlawful purpose or lawful purpose by unlawful means was done by Wildcat. As argued above, there is no explanation or argument as to why Wildcat alleging only providing inspection reports to the other defendants in this case was unlawful or done for an unlawful purpose. There are only conclusory statements alleging that Wildcat was somehow wrong for not providing the reports to Plaintiff, but no explanation as to why they Wildcat was supposed to provide those to Plaintiff or why it was unlawful to not provide them.

Merely breaching an agreement cannot support a claim for civil conspiracy under Florida law because breaching a contract is not by itself unlawful. *See Nat. Chemistry, L.P. v. Oredna Techs, Inc.*, No. 6:13–cv–1607–Orl–31KRS, 2014 WL 3385046 at * 3 (M.D. Fla. July 8, 2014). Therefore, simply breaching a contract with the aid of other entities, which is what the plaintiff alleged in the Complaint, cannot support a conspiracy claim. *See Id.*

The "basis for the conspiracy must be an independent wrong or tort which would constitute a cause of action if the wrong were done by one person." *Kee v. National Reserve Life Ins. Co.*,

918 F.2d 1538, 1542 (11th Cir. 1990). In other words, "[a]n act which does not constitute a cause of action against one person cannot be made the basis of a civil action for conspiracy." *Id.*

Plaintiff does not have any independent cause of action against Wildcat for its alleged actions in the "conspiracy." Nothing Wildcat is alleged to have done constitutes a tort or an independent wrong. Thus, its actions cannot be made the basis of a civil conspiracy and the claim against Wildcat should be dismissed.

On element four, there is nothing in the Complaint that sets forth how Wildcat allegedly only giving other defendants an inspection report proximately caused lost profits and ultimately foreclosure on the properties.

Even if viewed under Florida law, the Complaint does not adequately set forth the civil conspiracy elements and does not meet the requirements of *Twombly*. Therefore, the case against Wildcat should be dismissed.

**B.** **The Civil Conspiracy Claim is Barred by the Economic Loss Rule**

1. The Texas economic loss rule bars Plaintiff's claim against Wildcat

In addition to the above, Plaintiff's civil conspiracy claim must be dismissed because it is barred by the economic loss rule. Under Texas law, the economic loss rule precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract. *See Henderson v. Wells Fargo Bank, N.A.*, 974 F.Supp.2d 993, 1011 (N.D. Tex. 2013)(citing *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007).

In order to determine whether the economic loss rule applies, courts analyze the conduct at issue and the nature of the injury. *Southwestern Bell Telephone Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). "[W]hen a plaintiff seeks damages for breach of a duty created solely under

a contract, as opposed to a duty imposed by law, tort damages are unavailable." *Bates Energy Oil & Gas v. Complete Oilfield Services*, 361 F.Supp.3d 633, 652 (W.D. Tex. 2019).

In this case, Plaintiff conclusory alleges that Wildcat conspired to act in a manner that resulted in the other defendants breaching their contract with Plaintiff. (Doc. # 1, ¶¶ 62-63). The alleged resulting damage stems from the breach of the contract by those defendants. (Doc. #1, ¶¶ 53, 64). Plaintiff specifically states it seeks those damages caused by the breach of contract in its conspiracy cause of action. (Doc. #1, ¶ 64). Because the same resulting damages are claimed, the civil conspiracy tort claim is barred by the economic loss rule.

2.  Alternatively, Florida's economic loss rule also bars the civil conspiracy claim

In Florida, civil conspiracy claims related to breach of contract causes of action are not per se barred by the economic loss rule. *See e.g. Hilliard v. Black*, 125 F.Supp.2d 1071 (N.D. Fla. 2000)(civil conspiracy claim not barred by economic loss rule where plaintiff towing company alleged that defendant bank conspired with plaintiff's competitor to delay repairs to defendant's tow truck in order to force plaintiff into insolvency). However, a claim for civil conspiracy will be barred by the economic loss rules when it is "inextricably intertwined" with its breach of contract claim. *See Behrman v. Allstate Life Ins. Co.,* 388 F.Supp.2d 1346, 1350 (S.D. Fla. 2005) aff'd, 178 Fed.Appx. 862 (11th Cir. 2006).

In this case, the alleged conspiracy damages or inexplicably intertwined with the damages that are alleged to have resulted from the breach of contract party other defendants. Plaintiff specifically states it seeks those damages caused by the breach of contract in its conspiracy cause of action. (Doc. #1, ¶ 64). Therefore, claim against Wildcat is barred.

## IV.
## PRAYER

For the foregoing reasons, the Court should dismiss the civil conspiracy claim and this adversary proceeding against Wildcat Lending Fund One, LP and grant it any relief to which it has shown itself entitled, whether in law or in equity.

Dated January 28, 2022,

                                      Respectfully submitted,

                                      **THE POTTS LAW FIRM, LLP**
*/s/ James Ryan Fowler*
J. Ryan Fowler
Florida Bar No.: 1060803
POTTS LAW FIRM, LLP
3737 Buffalo Speedway, Suite 1900
Houston, Texas 77098
Tel: (713) 963-8881
Email: rfowler@potts-law.com


ATTORNEY FOR DEFENDANT
WILDCAT LENDING FUND ONE, LP

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 28, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Jason A. Breslin
Andrew S. Ballentine
deBeaubien, Simmons, Knight,
Mantzaris & Neal, LLP
332 N. Magnolia Avenue
Orlando, FL 32801

                                              */s/ James Ryan Fowler*
                                              J. Ryan Fowler