UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

EVERGREEN MORTGAGE NOTES, LLC,                    Case No. 6:20-bk-07071-LVV
                                                  Chapter 11
                Debtor.

_____/

EVERGREEN MORTGAGE NOTES, LLC, a                  Adv. Pro. No. 6:21-ap-00167-LVV
Florida Limited Liability Company,

        Plaintiff,

v.

MAX THRUSH, 2ND CHANCES, LLC AND
WILDCAT LENDING FUND ONE, LP,

        Defendants.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO WILDCAT LENDING FUND ONE,
L.P.'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
AND SUPPORTING MEMORANDUM OF LAW**

        Plaintiff, Evergreen Mortgage Notes, LLC ("Evergreen"), by and through its undersigned

counsel, hereby files this Response in Opposition to the Rule 12(b)(6) Motion to Dismiss for

Failure to State a Claim, [ECF No. 8] (the "Motion"), filed by Defendant, Wildcat Lending Fund

One, L.P. ("Wildcat"), and in support thereof states as follows:

**BACKGROUND**

        1.      On December 27, 2021, Plaintiff filed its Complaint against Max Thrush

("Thrush"), 2nd Chances, LLC ("2nd Chances") and Wildcat Lending Fund One, LP (collectively,

the "Defendants"), [ECF No. 1]) (the "Complaint"), initiating the above-referenced adversary

proceeding.

2.      As set forth more fully in the Complaint, Evergreen instituted this proceeding to pursue claims against Thrush and his company, 2nd Chances, for his action that harmed Evergreen.   These actions were enabled by Wildcat's willing participation in denying information that would have permitted Evergreen from avoiding Mr. Thrush's material breaches of the Contract[1] and by doing so, Wildcat enriched itself through increased interest being gathered on the loans it made.

3.      On January 28, 2022, Wildcat filed its Motion.  [ECF No. 8].

## LEGAL STANDARD

A complaint need only contain: 1) a short and plain statement establishing grounds for the court's jurisdiction; 2) a short and plain statement establishing entitlement to relief; and 3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  However, an opposing party may seek to establish the legal insufficiency of such a complaint through a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 556 (2007).  In considering these motions, courts must accept as true all allegations in the complaint and make all reasonable inferences in favor of the plaintiff.  *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1193 (11th Cir. 2018).  As such, to survive a motion to dismiss, a complaint need only present sufficient facts "to state a claim for relief that is plausible on its face." *Marstellar ex rel. United States v. Lynn Tilton, Patriarch Partners, LLC*, 880 F.3d 1302, 1311 (11th Cir. 2018) (citing *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1243 (11th Cir. 2016)).  "The complaint must raise a right to relief above the speculative level, but it need not contain detailed factual allegations." *Renfroe*, 822 F. 3d at 1243 (internal quotations omitted).  "[C]ourts have emphatically held that a motion to dismiss for failure to state a claim 'must be denied unless it appears without doubt that the

---

[1] Defined terms used herein have the same meanings as used in the Complaint, [ECF No. 1].

plaintiff cannot prove a set of facts in support of the claim for which relief could be granted.'" *In re Am. Fabricators, Inc.*, 186 B.R. 526, 528–29 (Bankr. M.D. Fla. 1995).

As set forth below, Evergreen sufficiently plead that the actions of Thrush and 2nd Chances and their partner, Wildcat, committed a civil conspiracy to survive a motion to dismiss under *Renfroe*.

## ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

### I.        Applicable Choice of Law

The Contract between Evergreen and Thrush and 2nd Chances is, per its terms, governed by the laws of Nevada.  To the extent that the Court determines that the contractual terms do not extend to Wildcat, Evergreen concedes that the laws of Texas apply to the Civil Conspiracy count as to Wildcat only.

### II.       Wildcat's Argument Ignores Evergreen's Allegations and the Reasonable Inferences as to its Liability for the Conspiracy with Mr. Thrush and 2nd Chances LLC

Under Texas law, a civil conspiracy claim must present five elements to be sufficiently pleaded.  *Massey v. Armco Steel Co.*, 652 S.W. 2d 932, 934 (Tex. 1983); *see also Bates Energy Oil & Gas, L.L.C. v. Complete Oil Field Servs., L.L.C.*, 2021 WL 4840961, at *3 (5th Cir. Oct. 15, 2021).  In general, "[a]n actionable civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." *Massey*, 652 S.W. at 934 (citing *Great Nat'l Life. Ins. Co. v. Chapa*, 377 S.W. 2d 632, 635 (Tex. 1964), and *State v. Standard Oil. Co.*, 107 S.W. 2d 550, 559 (Tex. 1937)).  More specifically, "[t]he essential elements are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Bates Energy*, 2021 WL 4840961, at *3.  "One can be liable

for conspiracy even if he himself did not commit the underlying bad acts; *civil conspiracy extend[s] liability in tort ... beyond the active wrongdoer to those who have* merely planned*, assisted, or encouraged his acts.*"  *Id.* (internal quotations omitted and emphasis added) (citing *Carrol v. Timmers Chevrolet, Inc.*, 592 S.W. 992, 925–26 (Tex. 1979)).  "[D]irect evidence of a conspiracy (such as smoking-gun phone calls or e-mails) are not required; proof of a conspiracy may be, and usually must be made by circumstantial evidence."  *Bates Energy*, 2021 WL 4840961, at *3 (internal quotations omitted).

Wildcat contests that Evergreen failed to adequately plead the second, third, fourth, and fifth elements.  [ECF No. 8 at 4].  Contrary to Wildcart's assertions, the allegations in the Complaint are sufficiently pleaded to demonstrate, with all reasonable inferences, that each of the required civil conspiracy elements has been met.

### An object to be accomplished

The first element that Wildcat alleges was not sufficiently alleged is the second element of the *Massey* test—"an object to be accomplished."  [ECF No. 8 at 4].  However, as recently adopted by the Fifth Circuit in Bates Energy, the original Massey test does not require that the object be accomplished by "an unlawful purpose or a lawful purpose by unlawful means."  *See Bates Energy*, 2021 WL 4840961, at *3; *Ins. Co. of N. Am. V. Morris*, 981 S.W. 2d 667, 675 (Tex. 1998) (adding, as dicta, "an unlawful purpose or a lawful purpose by unlawful means" to *Massey*'s overt act element).  As such, Evergreen merely need to allege that the conspiracy parties had an object be accomplished.

In the Complaint, Evergreen alleged that it contracted with Wildcat at the suggestion of Thrush to obtain the capital needed to fund the deals Evergreen was working on with Thrush and 2nd Chances.  [ECF No. 1 at 3, 5–6].  Similarly, Evergreen entered into the Contract with Thrush

and 2nd Chances such that they would, among other things, provide general contractor-type services to Evergreen for the rehabilitation projects they would enter into. *Id.* at 4, ¶ 17. As a part of both contracts, Thrush, 2nd Chances, and Wildcat would derive a profit from the deals that they worked on with Evergreen. *Id.* at 4, ¶ 18–19; *see* [Claim No. 8] (claiming interest was due on the loan to Evergreen).

While Wildcat has not answered, it also does not contest that it provided reports to Thrush and 2nd Chances and not Evergreen. [ECF No. 8 at 4]. In so doing, Wildcat overlooks the requirement that it need only assist or encourage the wrongdoer in his actions to be liable for civil conspiracy under Texas law. *Bates Energy*, 2021 WL 4840961, at *3; *Carroll*, 592 S.W. 2d at 925–26. It is unassailable that the allegations plainly state that Wildcat did not provide inspection reports to Evergreen. As a result, it is reasonable to infer that Wildcat stood to earn more profits from the interest it charged Evergreen when it was eventually discovered—as Wildcat knew all along—that the poor, or deficient, work was being performed under Thrush's worksite management using its construction loan and additional time would be required to make the home saleable. Arguably, Wildcat's actions constitute tortious interference with the Contract as it willingly and intentionally caused Evergreen to be harmed by Thrush and 2nd Chances by denying critical information to detect Thrush's wrongdoing. *See, e.g.*, *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W .3d 74, 77 (Tex. 2000).

As such, the Complaint's allegations, including all reasonable inferences, sufficiently plead that Wildcat had an object to be accomplished in its civil conspiracy with Thrush and 2nd Chances whether the additional language is utilized or not. As a result, the Motion must be denied as to this point.

_A meeting of minds on the object or course of action_

The second element that Wildcat alleges to not have been sufficiently pleaded is "a meeting of the minds on the object or course of action." [ECF No. 8 at 4–5]. Wildcat focuses its argument on whether Evergreen alleged that it knew of the purpose of the conspiracy or Thrush's intention to inflict harm on Evergreen. _Id._ at 5 (citing _Schlumberger Well Serv. Corp. v. Nortex Oil & Gas Corp._, 425 S.W. 2d 834, 857 (Tex. 1968), and _San Antonio Credit Union v. O'Connor_, 115 S.W. 3d 82, 91 (Tex. Ct. App. 2003).

As an initial point, both cases relied upon by Wildcat are inapposite at the motion to dismiss stage as both cases involve factual issues and evidentiary determinations. As such it is an inappropriate legal basis for a motion to dismiss as it requires a factual determination. _Axis Surplus Ins. Co. v. Superior Mortg. Servs.,_ 2010 WL 55553, at *2 (M.D. Fla. Jan. 4, 2010); _In re Am. Fabricators, Inc._, 186 B.R. at 528–29.

Under Texas law, a successful claim for civil conspiracy need only demonstrate that there was a meeting of the minds on the object or course of action. _Bates Energy_, 2021 WL 4840961, at *3. Further, for a conspiracy to commit tortious interference, a plaintiff is not required to show that the third party—here, Wildcat—intended to cause an injury, merely that it desired to cause the consequences of its action(s) or those substantially certain to occur. _Sw. Bell Tel. Co. v. John Carlo Tex., Inc._, 843 S.W. 2d 470, 472 (Tex. 1992). However, as noted below, Thrush and 2nd Chances' actions constitute violations of the Texas Construction Loan Trust Fund Act and are criminal. _See infra_, pp. 7–8.

The Complaint alleges there was an agreement between Wildcat and Thrush and 2nd Chances to not provide copies of the inspection reports to Evergreen. [ECF No. 1 at 6, 11]. The Complaint further alleges that Defendants failed to disclose the full nature of their relationship to

Evergreen.  *Id.*  Whether the evidence will ultimately prove that the agreement explicitly or is merely circumstantial or never existed is a determination for another day, and as such, Wildcat's Motion cannot be granted on this basis.

### *One or more unlawful, overt acts*

Wildcat's third argument in its Motion focuses on the purported lack of allegations that Wildcat took an unlawful action.  [ECF No. 8 at 5].  Wildcat's argument consists of a simple statement and a conclusion regarding the unlawful withholding of documents by Thrush.  *Id.*

The Fifth Circuit, in describing the nature of a claim for civil conspiracy under Texas law, stated that "[o]ne can be liable for conspiracy even if he himself did not commit the underlying bad acts…." *Bates Energy*, 2021 WL 4840961, at *3 (citing *Carroll*, 592 S.W. 2d at 925–26).  With this background, Wildcat's argument on the fourth element is exceedingly unavailing as it fails to identify supporting legal authority for this argument.  "[F]ailure to include the relevant authority makes it impossible for the Court to discern the basis of [movant's] arguments" when the movant makes only a single assertion of such argument. *Pulse Acquisition Corp. v. Jacksonville Injury Ctr.*, LLC, Case No. 3:19-cv-1192-J-34JRK, 2020 WL 5526399, at *3 (M.D. Fla. Sept. 15, 2020) (slip copy) (emphasis added). Thus, the Court should deny Wildcat's Motion as to the fourth element not only lack sufficient citations to supporting authority but because it is incorrect as a matter of law. *Id.*

Furthermore, the actions by Thrush and 2nd Chances are likely in violation of the Texas Property Code as it pertains to the uses of funds from construction loans. *See, e.g.*, *Choy v. Graziano Roofing of Tex., Inc.*, 332 S.W. 3d 276 (Tex. Ct. App. 2009) (finding that a developer's president was the trustee of construction loan funds).  The alleged misfeasance by these two parties falls within the definition for which a *per se* violation of the Texas Construction Loan

Trust Act occurs when "a trustee acts with 'intent to defraud' when the trustee retains, uses, disburses, or diverts trust funds with the intent to deprive the beneficiaries of the trust funds." Tex. Prop. Code §162.005(1)(A); *see also* Tex. Prop. Code § 162.031 (governing misapplication of trust funds). Violations of the Texas Construction Trust Fund Act are criminal acts. Tex. Prop. Code § 162.032.

*Damages as a proximate result*

The final element that Wildcat contends that Evergreen failed to sufficiently plead its damages as a proximate result of its action. [ECF No. 8 at 5]. Wildcat argues that because there was no tort, there can be no damages. *Id.*

As noted above, the acts by Defendants were, in part, *per se* criminal actions and unlawful. Further, Wildcat's actions constitute tortious interference with the Contract as it had reason to know that withholding inspection reports that detail deficient workmanship in the rehabilitation of the Texas Properties would necessarily result in additional interest accruing on the loans it made to Evergreen. However, Evergreen alleged that it has suffered more than $134,000 in damages are a result of the acts of Wildcat, Thrush, and 2nd Chances. [ECF No. 1 at 7–8, 11]. As a result, Evergreen sufficiently alleged it suffered damages as a proximate result of Wildcat's actions in furtherance of Thrush and 2nd Chances misfeasance. Therefore, the Motion must be denied.

## CONCLUSION

In light of the foregoing, it is clear that Evergreen sufficiently alleged facts that, when coupled with all reasonable inferences, demonstrate that Wildcat participated in a civil conspiracy under Texas law and suffered damages as a proximate result of that civil conspiracy. Accordingly, the Court should enter an order (1) denying Wildcat's Motion, (2) directing

17170992v1                                                          8

Wildcat to answer the Complaint within twenty-one (21) days, and (3) granting Evergreen such further and other relief as the Court deems just and proper.

Dated: February 14, 2022                    Respectfully Submitted

**SHUMAKER, LOOP & KENDRICK, LLP**

By: /s/ *Andrew S. Ballentine*
ANDREW S. BALLENTINE, ESQUIRE
Florida Bar No. 118075
asballentine@shumaker.com
bgasaway@shumaker.com
101 East Kennedy Boulevard – Suite 2800
Tampa, Florida 33602
Phone: (813) 229-7600; Fax: (813) 229-1660
*Counsel for Evergreen Mortgage Notes, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 14, 2022, the foregoing has been furnished electronically to all parties receiving notice via CM/ECF to all counsel of record

/s/ *Andrew S. Ballentine*
Andrew S. Ballentine, Esquire

17170992v1                                    9